81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Isom MOSES, Plaintiff-Appellant,
v.
Charles GREEN, individually and in his official capacity as
Bell Circuit Court Clerk, Defendant-Appellee.
 No. 95-5754.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 
 ORDER
 
 1
 William Isom Moses, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Moses sued the clerk of the Bell Circuit Court, in his individual and official capacities, claiming that the clerk denied Moses access to the courts by not immediately filing Moses's complaint in another suit.
 
 
 3
 Upon review of the magistrate judge's report and over Moses's objections, the district court treated defendant's motion to dismiss and renewed motion to dismiss as motions for summary judgment. The court granted the motions and dismissed the complaint for failure to show prejudice. Moses subsequently filed a motion for rehearing which was denied. In his timely appeal, Moses does not directly challenge the dismissal, but appeals the denial of the motion for rehearing. Moses asserts that he should be entitled to a jury trial because: 1) the court had previously granted his motion for a jury trial; 2) the court did not rule on his motion to amend a court order to reflect that defendant was being sued only in his individual capacity, instead of both his individual and official capacities; 3) the court erred in dismissing the complaint because the magistrate judge decided the facts incorrectly and applied the wrong law; and 4) the defendant was represented by counsel at taxpayers' expense whereas Moses was forced to proceed pro se.
 
 
 4
 Although Moses appeals the denial of his motion for a rehearing, this appeal is construed as brought from the underlying judgment. See Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973), cert. denied after subsequent appeal, 430 U.S. 940 (1977).
 
 
 5
 Upon de novo review, we conclude that the district court properly granted summary judgment to the defendant as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). The defendant did not cause the delay in filing, nor did the delay result in any prejudice to Moses's pending litigation. See Blaise v. Fenn, 48 F.3d 337, 340 (8th Cir.1995). Thus, defendant did not interfere with Moses's right of access to the courts. See Knop v. Johnson, 977 F.2d 996, 1002-03 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993).
 
 
 6
 Moses's other arguments on appeal are likewise unavailing. First, an order granting a jury trial does not preclude disposition by summary judgment. Second, Moses did not suffer any harm when the court did not amend its order so that the defendant was being sued only in his individual capacity. Third, Moses's argument that facts were decided incorrectly is contradictory, and his argument that the law required the court to immediately file the complaint is without merit. Finally, Kentucky state law gave the state attorney general the discretion to appoint counsel for the defendant.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.